# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMAA ANTHONY CINQUE

    Petitioner,

vs.

MICHAEL J. BUDGE, et al.,

    Respondents.

Case No. 3:06-CV-00173-ECR-(RAM)

**ORDER**

    Before the Court are Respondents' Motion to Dismiss (#59), Petitioner's opposition (#63), and Respondents' Reply (#64).[1] The Court finds that the Second Amended Petition (#45) is procedurally defaulted and grants the Motion.

    Petitioner was a defendant in two cases before the Second Judicial District Court of the State of Nevada. Pursuant to a plea agreement, Petitioner was convicted in Case No. CR03-0873 of burglary and adjudicated as a habitual criminal, and Petitioner was convicted in Case No CR03-0888 of three counts of burglary. Ex. 20 (#22-4, p. 22), Ex. 21 (#22-4, p. 25).[2] Petitioner appealed, and the Nevada Supreme Court affirmed on February 25, 2004. Ex. 40 (#22-6, p. 4).

    Petitioner then filed his first state habeas corpus petition on June 11, 2004. Ex. 49 (#23-2, p. 1). The district court denied the petition on August 23, 2005. Ex. 80 (#26-2, p. 1).

---

[1] Petitioner filed another document (#65) that is not authorized by Local Rule 7-2, and the Court strikes it.

[2] Page numbers in parentheses refer to the Court's computer images of the documents.

Petitioner appealed, and the Nevada Supreme Court affirmed on February 24, 2006. Ex. 115 (#27-2, p. 32). Remittitur issued on March 22, 2006. Ex. 122 (#27-3, p. 36).

On October 24, 2005, while his first state habeas corpus appeal was pending, Petitioner filed in the state district court a motion to correct an illegal sentence. Ex. 93 (#26-3, p. 5). On March 20, 2006, Petitioner filed in the state district court a motion to modify his sentence. Ex. 118 (#27-3, p. 5). The district court denied both motions on August 17, 2006. Ex. 127 (#27-4, p. 13), Ex. 128 (#27-4, p. 17). Petitioner appealed the denial of both motions, and the Nevada Supreme Court affirmed on January 30, 2007. Ex. 140 (4) (#60-5).[3] Remittitur issued on February 27, 2007. Ex. 142 (6) (#60-7).

This Court received the original Petition for a Writ of Habeas Corpus (#10) on March 30, 2006. Petitioner did not state in the provided space when he mailed the Petition to the Court. Petitioner mailed a First Amended Petition (#13) on June 1, 2006. The Court granted Respondents' first Motion to Dismiss (#20) because Petitioner had not exhausted his available state-court remedies for all grounds. Order (#37). The Court then stayed the action while Petitioner returned to state court. Order (#41).

Petitioner filed his second state habeas corpus petition on September 7, 2007. Ex. 145 (9) (#60-10). On October 18, 2007, the district court dismissed the petition as successive pursuant to Nev. Rev. Stat. § 34.810. Ex. 147 (11) (#60-12). Petitioner appealed, and the Nevada Supreme Court affirmed on April 7, 2008, holding that the petition was successive pursuant to Nev. Rev. Stat. § 34.810 and untimely pursuant to Nev. Rev. Stat. § 34.726. Ex. 159 (23) (#60-24). Remittitur issued on May 2, 2008. Ex. 161 (25) (#60-26).

Petitioner then returned to this Court. His Second Amended Petition (#45), mailed to the Court on May 12, 2008, contains five grounds, numbered 2, 4, 5, 6, and 7.

---

[3] Respondents submitted supplemental exhibits (#60) with their second Motion to Dismiss (#59). The first exhibit in the supplemental index starts with 137, continuing where the exhibits in support of their first Motion to Dismiss (#20) ended. However, the actual supplemental exhibits (#60) start with 1 and count up. The Court will use the exhibit numbers in the supplemental index of exhibits to avoid confusion with the exhibits filed earlier, and the Court will place the actual exhibit numbers in parentheses for ease of reference within the supplemental exhibits (#60). In future actions, counsel for Respondents should ensure that their numbering of exhibits is consistent.

Respondents first argue that the entire Second Amended Petition (#45) is procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

To demonstrate cause to excuse a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray, 477 U.S. at 488.

To show prejudice, the petitioner "must establish 'not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Correll v. Stewart, 137 F.3d 1404, 1415 (9th Cir. 1998) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

First, Petitioner argues that the Nevada Supreme Court did not specify which grounds were deemed successive. The Nevada Supreme Court held, pursuant to Nev. Rev. Stat. § 34.810, "Appellant's claims that his counsel was ineffective for failing to ensure that the district court was aware that he was under the influence of psychotropic medications when he pleaded guilty [Ground 2] and that his guilty plea was not knowingly and voluntarily entered [Ground 4] were successive." Ex. 159 (23), p. 3 n.5 (#60-24, p. 4). That ruling is specific enough. Also, this

argument is largely moot because the Nevada Supreme Court found that the entire second state habeas corpus petition was untimely pursuant to Nev. Rev. Stat. § 34.276.

Second, Petitioner argues that § 34.810 is not an adequate and independent state-law ground for denying relief. See Sechrest v. Ignacio, 549 F.3d 789 (9th Cir. 2008); Petrocelli v. Angelone, 248 F.3d 877 (9th Cir. 2001); McKenna v. McDaniel, 65 F.3d 1483 (9th Cir. 1985). The cases that Petitioner cites are all capital cases. As noted above, the Ninth Circuit has recognized that § 34.810 is an adequate and independent state-law ground for denying relief in non-capital cases. Vang, 329 F.3d at 1074. Furthermore, Respondents correctly note that Petitioner does not challenge the adequacy and independence of § 34.726, by which Petitioner's entire second state petition in its entirety was barred.

Third, Petitioner argues that he was just following the Court's instructions when he returned to state court. The Court made no guarantees that his grounds would not be procedurally defaulted after he exhausted them. Procedural default is always a possibility when a petitioner returns to state court to exhaust his available remedies, because of Nevada's statute of limitations and bar on successive petitions.

Fourth, Petitioner believed that his appointed counsel in his first state habeas corpus petition exhausted the issues. Because Petitioner has no right to effective assistance of counsel in post-conviction proceedings, this is not cause and prejudice to excuse the procedural default. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993).

Respondents raise two arguments in the alternative. First, they argue that Grounds 6 and 7 of the Second Amended Petition (#45) are untimely pursuant to 28 U.S.C. § 2244(d) because they do not relate back to either of the earlier petitions (#10, #13). Second, Respondents argue that Ground 6 is unexhausted pursuant to 28 U.S.C. § 2254(b) because it is not the same ground as what Petitioner raised in his second state petition. These arguments are moot because the Court has determined that the entire Second Amended Petition (#45) is procedurally defaulted.

IT IS THEREFORE ORDERED that the Clerk of the Court shall **STRIKE** Petitioner's Reply (#65).

1       IT IS FURTHER ORDERED that Respondents' Motion to Dismiss (#59) is **GRANTED**. This action is **DISMISSED** with prejudice as procedurally defaulted. The Clerk of the Court shall enter judgment accordingly.

DATED: May 6, 2009

_____
EDWARD C. REED
United States District Judge